UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 24.0.207.93,<br><br>Defendant. | Civil Action No.<br><br>17-1239 (MCA) (LDW)<br><br>MEMORANDUM OPINION AND ORDER |

**<u>LEDA DUNN WETTRE, U.S.M.J.</u>**

This is a copyright infringement action brought by plaintiff Malibu Media, LLC ("Malibu Media") against a defendant named as "John Doe," who allegedly accessed 26 of Malibu Media's pornographic films in violation of its copyrights, using a file distribution network known as BitTorrent. Before the Court is the defendant's motion to remain anonymous through the completion of discovery. (ECF No. 7). Plaintiff consents to the relief sought. (ECF No. 9). For the reasons set forth below, defendant's motion is **GRANTED**.

Malibu Media's consent to defendant's proceeding anonymously does not obviate the Court's need to determine whether such a protective order is appropriate under applicable law. *See Doe v. City of Chicago*, 360 F.3d 667, 669-70 (7th Cir. 2004). Federal Rule of Civil Procedure 10(a) requires a complaint to "name all parties," Fed. R. Civ. P. 10(a), in keeping with the presumption "that judicial proceedings, civil as well as criminal, are to be conducted in public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (internal quotation marks omitted). The Court may upon a showing of good cause, however, "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). This includes

allowing a party to litigate anonymously under "exceptional" circumstances, balancing the litigant's reasonable fear of "severe harm" against "the public's interest in open litigation." *Megless*, 654 F.3d at 408-09.

The Court finds such exceptional circumstances exist here. Malibu Media's copyright actions are legion in this nation's federal district courts. In the Court's experience, they follow a familiar formula: Malibu Media files a complaint alleging unauthorized access of its pornographic films against a "John Doe" defendant identified only by an IP address number; Malibu Media seeks leave to serve a third-party subpoena on the internet service provider to obtain the identity of the person associated with the IP address; once the subscriber's identity is obtained, a settlement is reached. Therefore, of the scores of Malibu Media cases that have been referred to the undersigned for pretrial management, only a handful have proceeded even to a Rule 16 scheduling conference and fewer still into the discovery phase. None has proceeded to trial.

The instant motion brings to the fore what undoubtedly underlies the exceptionally high early settlement rate in these cases, namely that defendants fear being stigmatized by the disclosure of their names in a publicly filing alleging that they viewed the plaintiff's pornographic films. This appears a valid concern, given that some of the films alleged to have been accessed in this case are titled "Tropical Sexcapades," "Getting Our Pussies Wet For You," "First Time Lesbian Loving," and "Suds and Sex." (ECF No. 1-1). It is no surprise, therefore, that many of these actions settle before the Complaint is amended with the subscriber's true identity. As our District Courts have observed, it takes no leap of logic to see that defendants in these cases feel pressured to settle in order to avoid being "forever link[ed] . . . with the pornographic films at issue," regardless of whether plaintiff's claims have merit. *Malibu Media, LLC v. Doe*, Civ. A. No. 15-4381 (JFK),

2015 WL 4923114, at *1 (S.D.N.Y. Aug. 18, 2015); *see also, e.g., Malibu Media, LLC v. Doe*, Civ. A. No. 14-3945 (DEA), 2015 WL 3795716, at *4 (D.N.J. June 18, 2015); *Malibu Media, LLC v. Doe*, Civ. A. No. 14-378 (TMR), 2015 WL 1120063, at *3 (S.D. Ohio Mar. 12, 2015); *Malibu Media, LLC v. Reynolds*, Civ. A. No. 12-6672 (VMK), 2013 WL 870618, at *7 (N.D. Ill. Mar. 7, 2013).

This pressure is particularly acute in this case, where the defendant certifies that neither he nor any member of his family has ever accessed Malibu Media's pornographic films. (*See* ECF No. 7-2 ¶ 6). He explains that for a time his WiFi network was unsecured and not password protected, such that neighbors in his condominium complex could have utilized his IP address to access plaintiff's films. (*Id.* ¶ 5). Indeed, he notes that during several of the dates during which the Complaint alleges that he accessed the films, he and his family were travelling in Puerto Rico. (*Id.* ¶ 6). Finally, he certifies that "[a]s a professional, a parent of young children, a loyal husband, and an upstanding member of my community, I have grave concerns about the damage that I would suffer to my reputation if my identity was made a public record, especially since I never engaged in any of the activities alleged in the Complaint, and never even heard of the Plaintiff before learning of this lawsuit." (*Id.* ¶ 10).

Even if the defendant were not claiming that he is factually innocent of accessing plaintiff's films, doubts as to the merits of Malibu Media's claims would nevertheless stem from questions that have arisen as to its method of identifying alleged infringers is technologically sound. *See Malibu Media, LLC v. Nowobilski*, Civ. A. No. 15-2250, 2016 WL 4059651, at *2-3 (D.N.J. July 26, 2016). Notably, United States District Judge William Alsup of the United States District Court for the Northern District of California, to whom all Malibu Media cases in that District are

3

assigned, recently stayed compliance with a subpoena over "Malibu Media's failure to include a sworn record on the reliability of its IP address geolocation methodology." *Malibu Media, LLC v. Doe*, Civ. A. No. 16-1006 (WHA), 2016 WL 3383830, at *4 (N.D. Cal. June 20, 2016).[1] This concern as to the reliability of Malibu Media's geolocation technology makes defendant's request for temporary anonymity even more compelling.

Therefore, for the reasons set forth above, the Court finds it appropriate for defendant to litigate anonymously through the taking of discovery bearing on the viability of the claims against him. Defendant faces a risk of severe harm to his reputation stemming from potentially meritless allegations, which outweighs the public's interest in learning of defendant's identity at this early stage of the litigation. *See Malibu Media, LLC v. Doe*, Civ. A. No. 15-2624 (ER), 2015 WL 6116620, at *5 (S.D.N.Y. Oct. 16, 2015). Accordingly, defendant's motion for a protective order allowing him to litigate anonymously through the conclusion of discovery is **GRANTED**.

**SO ORDERED this 22nd day of June, 2017.**

*Leda Dunn Wettre*
Leda Dunn Wettre
United States Magistrate Judge

---

[1] Last month, Judge Alsup also ordered Malibu Media to show cause as to why the court should not bar further Malibu Media cases in that District until the accuracy of the geolocation technology is vetted. *Malibu Media, LLC v. Doe*, N.D. Cal. Civ. A. No. 16-5975 (WHA), ECF No. 22. The court eventually discharged the Order to Show Cause because Malibu Media demonstrated that its pattern of voluntary dismissals was not linked to the accuracy of the geolocation technology; however, the court made no findings as to the accuracy of that technology and did not approve its use "in any way." *Id.* at ECF No. 29.