Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter E. Foran Blvd., Suite 402
Flemington, NJ 08822
Attorney ID No. 01481-1980
T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>John Doe Subscriber Assigned IP Address 24.0.207.93,<br><br>　　　　　　Defendant. | Civil Case No. 2:17-cv-01239-MCA-LDW |

## JOINT DISCOVERY PLAN

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

   | | |
   |---|---|
   | Patrick J. Cerillo, Esq.<br>Patrick J. Cerillo, LLC<br>4 Walter Foran Blvd., Suite 402<br>Flemington, NJ 08822<br>T: (908) 284-0997 | Michael Joseph Forino<br>Archer & Greiner, P.C.<br>Court Plaza South, West Wing<br>21 Main Street, Suite 353<br>Hackensack, NJ 07601-7095 |

|  |  |
|---|---|
| F: (908) 284-0915<br>pjcerillolaw@comcast.net<br>*Attorneys for Plaintiff* | 201-342-6000<br>Fax: 201-342-6611<br>Email: mforino@archerlaw.com<br>*Attorney for the Defendant, John Doe Subscriber Assigned IP address 24.0.207.93* |
| | Patrick Papalia<br>Archer & Greiner, P.C.<br>Court Plaza South, West Wing<br>21 Main Street, Suite 353<br>Hackensack, NJ 07601-7095<br>(201) 342-6000<br>Fax: 201-342-6611<br>Email: ppapalia@archerlaw.com<br>*Attorney for the Defendant, John Doe Subscriber Assigned IP address 24.0.207.93* |

2.   Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

**Plaintiff**: Plaintiff has sued Defendant for direct copyright infringement of twenty-six [26] of Plaintiff's copyrighted movies, pursuant to 17 U.S.C. §§ 106 & 501, based on Defendant's actions of illegally downloading Plaintiff's works through use of the BitTorrent File Distribution Network.

**Defendant**: Defendant, who was granted permission to litigate anonymously through the completion of discovery, denies Plaintiff's copyright infringement claims, and denies having downloaded, copied or distributed Plaintiff's allegedly copyrighted pornographic works. To the extent any such works were downloaded, copied or distributed from Defendant's IP address (which is not admitted), this must have been committed by neighbors and/or passersby in Defendant's densely populated condominium complex who logged on to Defendant's WiFi network, which was unsecured without a password at the time of the alleged infringement. Further, Defendant and his family (consisting of Defendant's wife and two minor children) were travelling out-of-state during many of the dates in question, and therefore, could not have engaged in the allegedly infringing conduct.

3. Have settlement discussions taken place? Yes <u>X*</u> No ___

   a. What was Plaintiff's last demand? _____
   b. What was Defendant's last offer? _____

**\*Defendant:** In or about May of 2017, Plaintiff offered to have its vendor inspect Defendant's electronic devices, at Plaintiff's own cost, and to dismiss the action in the event that the inspection yielded no evidence of copyright infringement. Defendant agreed to make his devices available for inspection at his attorneys' office, subject to having an acceptable Protective Order and the appropriate measures in place to protect Defendant's confidential work and personal information and data contained in the devices. Plaintiff subsequently informed Defendant that it would not proceed with the inspection until Defendant has responded to Plaintiff's written discovery demands.

4. The parties **have** met pursuant to Fed. R. Civ. P. 26(f):

5. The parties **have**\*exchanged the information required by <u>Fed. R. Civ. P. 26(a)(l).</u> If not, state the reason therefor.

   a. The parties agree to exchange the information required by <u>Fed. R. Civ. P. 26(a)(l)</u> by no later than **November 20, 2017.**

**\*Defendant:** The parties have each exchanged Rule 26 disclosures, though Plaintiff has not yet produced all of the documents referenced therein, including copyright registrations and applications, and original and "reassembled" copies of the allegedly infringing movies.

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1). **None.**

7. Describe any discovery conducted other than the above disclosures.

<u>Both parties have propounded upon the other an initial set of Interrogatories and Request for the Production of Documents. Responses thereto have not yet been exchanged.</u>

8. The parties propose the following:

    a. Discovery is needed on the following subjects:

**Plaintiff:** Plaintiff currently intends to seek discovery with respect to all allegations contained in the Complaint and any amendments thereto, and in any Answer and Affirmative Defenses filed by Defendants. In addition to the voluntary initial disclosures, Plaintiff intends to take Defendant's deposition, the deposition of persons identified by Defendant in his answers to interrogatories, Defendant's neighbors, and Defendant's Internet Service Provider. Plaintiff also intends on having its expert examine Defendant's electronic storage devices.

**Defendant:** Defendant currently intends to seek discovery with regard to all allegations contained in the Complaint and any amendments thereto, including but not limited to the measures implemented by Plaintiff and its investigators to determine that Defendant downloaded, copied and/or distributed Plaintiff's allegedly copyrighted pornographic works. Defendant also intends to seek discovery regarding the allegedly copyrighted pornographic works at issue, including facts regarding licenses, permissions or authorizations given by Plaintiff with regard to the films, and prior judgments and settlements obtained by Plaintiff in connection with the works.

    b. Should discovery be conducted in phases? If so, explain. <u>No.</u>

    c. Proposed Schedule:

        i. Fed. R. Civ. P. 26 Disclosures:

        Rule 26 Disclosures were already exchanged, though Plaintiff has not produced all of the documents referenced therein. All such documents shall be produced by **November 20, 2017**.

        ii. E-Discovery conference pursuant to L. Civ. R. 26.1(d) **November 10, 2017**.

        iii. Service of initial written discovery demands: **N/A (already completed).**

        iv. Mutual exchange of responses to initial written discovery demands: **November 20, 2017**

        v. Maximum of **25** Interrogatories by each party to each other party.

      vi. Maximum of **10** depositions to be taken by each party.

      vii. Deadline for Plaintiff's vendor to complete inspection of Defendant's computer device hard drives at the office of Defendant's counsel, subject to the entry of a Stipulated Protective Order for the Production of Defendant's Computer Hard Drives to be submitted by the parties: **December 31, 2017**.

      viii. Motions to amend or to add parties to be filed by **January 18, 2018**.

      ix. Factual discovery to be completed by **July 18, 2018**.

      x. Plaintiff's expert report due on **April 18, 2018**.

      xi. Defendant's expert report due on **May 18, 2018**.

      xii. Expert depositions to be completed by **July 18, 2018**.

      xiii. Dispositive motions to be served within **30** days of completion of discovery.

  d. Set forth any special discovery mechanism or procedure requested, including data preservation and protective orders:

**Plaintiff**: Plaintiff's position is that Defendant must preserve, and must immediately take efforts to prevent the destruction, expiration, deletion, overwriting, concealment, or modification (even if such data would otherwise expire, be deleted or overwritten, concealed, or modified in the normal course of business, including through the termination of user accounts) of Electronically Stored Information ("ESI") reasonably related to this litigation in Defendant's possession, custody, or control.  This includes Defendant's electronic storage devices, modems and routers, cloud based accounts, and communications between the Subscriber and the ISP.

**Defendant**: Defendant's position is that Plaintiff's vendor should inspect Defendant's devices as soon as possible, so that Plaintiff may confirm that Defendant did not commit the allegedly infringing conduct and dismiss the action, before Defendant is forced to engage in unnecessary written discovery, depositions, and/or expert discovery.  Defendant shall continue to preserve

5

and prevent the destruction or any ESI reasonably related to this litigation, in its possession, custody or control, and expects that Plaintiff will do the same.

    e. A pretrial conference may be taken place on: _____ (To be set by Court).

    f. In its complaint, Plaintiff has requested a trial by jury. Trial Date: The parties estimate this case will be ready for trial in **September 2018**.

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions problems with out-of state witnesses or documents, etc.)?

    **Defendant:** To the extent Plaintiff's representatives and investigators are out-of-state and are unwilling to travel to this forum for their depositions, Defendant reserves the right to seek the appropriate relief from the Court.

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?
    Yes _____ No __X___.

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.

    <u>Yes. The Court already entered a prior order allowing Defendant to litigate anonymously through the completion of discovery. In addition, the parties are in the process of formulating a Stipulated Protective Order for the production of Defendant's Computer Hard Drives, and intend to seek the Court's entry of same.</u>

12. Do you anticipate any discovery problem(s) not listed above? Describe.

    **Plaintiff**: Plaintiff has serious concerns regarding the preservation of the electronic evidence located on Defendant's computer device hard drives.

    **Defendant**: Defendant has serious concerns that Plaintiff may abuse the discovery process and force Defendant to incur unnecessary costs and expenses. This case can and should be resolved without the need for protracted discovery, as an inspection of Defendant's devices will prove that Defendant did not commit the alleged copyright infringement.

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

    <u>This case would be appropriate for mediation after Plaintiff inspects Defendant's devices, to the extent Plaintiff is not inclined at that time to dismiss the action.</u>

14. Is this case appropriate for bifurcation? Yes _____ No ___<u>X</u>_____

15. An interim status/settlement conference (with clients in attendance), should be held in <u>January 2018.</u>

    **Defendant:** Defendant should not be required to personally attend the interim status/settlement conference, so as to protect his anonymity pursuant to the Court's June 22, 2017 Order.

16. We **<u>do not</u>** consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference. <u>None.</u>

Dated: November 1, 2017

APPROVED BY:

| | |
|---|---|
| By:   <u>/s/ *Patrick J. Cerillo*</u><br>Patrick J. Cerillo, Esq.<br>Patrick J. Cerillo, LLC<br>4 Walter Foran Blvd., Suite 402<br>Flemington, NJ 08822<br>T: (908) 284-0997<br>F: (908) 284-0915<br>pjcerillolaw@comcast.net<br>*Attorneys for Plaintiff* | By: */s/ Michael J. Forino*<br>Michael Joseph Forino<br>Archer & Greiner, P.C.<br>Court Plaza South, West Wing<br>21 Main Street, Suite 353<br>Hackensack, NJ 07601-7095<br>201-342-6000<br>Fax: 201-342-6611<br>Email: mforino@archerlaw.com<br>*Attorney for the Defendant, John Doe*<br>*Subscriber Assigned IP address*<br>*24.0.207.93* |

213447969v1