# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 24.0.207.93,<br><br>                    Defendant. | Case No.:<br>2:17-cv-01239-MCA-LDW |

## STIPULATED PROTECTIVE ORDER FOR THE PRODUCTION OF DEFENDANT'S COMPUTER HARD DRIVES

Plaintiff has requested Defendant produce for inspection all of Defendant's computer device hard drives at his residence. Defendant must produce computer device hard drives for inspection subject to the entry of a protective order. The parties are hereby ordered to comply with the terms set forth below in order to protect privileged and non-relevant information on Defendant's computer device hard drives while allowing Plaintiff access to same.

    1.    Defendant will represent and warrant that all computer device hard drives used or which may have been used by Defendant during the period of recorded infringement (April 30, 2015 to September 26, 2016) are being produced for imaging. For the avoidance of doubt, "computer device hard drives" (also

herein referred to as "hard drives") means any computer device, including any computer laptop or desktop, mobile phone, iPad or other tablet computer, external hard drive, portable hard drive, server, NAS (Network-Attached Storage), USB (thumb) drive, internal hard drives which may have been removed from their original device, solid state hard drives, contents of a cloud based storage account, or any other electronic device capable of connecting to the internet, downloading media files, or storing electronic data, used by, or within Defendant's possession, custody or control.

2. On Defendant's hard drives, Plaintiff may only search for evidence of: (1) Plaintiff's copyrighted works; (2) BitTorrent and Peer-to-Peer file sharing use; and (3) sophisticated wiping efforts, spoliation, and the suppression of evidence. Plaintiff shall not review or search for Defendant's confidential work data, Defendant's personal or family photographs, or any other personal or confidential files of the Defendant or his household family members. The foregoing parameters are explained in detail in Paragraph 9(a) – (c) of this Protective Order.

3. Defendant and each party's respective counsel are automatically bound by this Protective Order. Prior to receiving any of Defendant's hard drives, or an "image" of same, each qualified persons defined in sections 3(a) - (d) below shall be provided with a copy of this Order and shall execute and be bound by this Order by signing the agreement attached hereto as Exhibit A, an original of which

shall be maintained by counsel receiving Defendant's hard drives. As soon as signed, the signed copy will be provided to Defendant's counsel. "Qualified persons" are defined as:

    a. Plaintiff's management employees directly involved in this litigation.

    b. experts or consultants (together with their clerical staff) retained by each party's respective counsel to assist in the prosecution, defense, or settlement of this action;

    c. employees of attorney services or professional copy services retained by a counsel of one of the parties;

    d. court reporter(s) employed in this action; and

    e. any other person as to whom the parties in writing agree.

4.    Plaintiff will engage the services of a local computer professional ("Computer Professional") to perform the imaging of Defendant's hard drives. Such imaging will occur at either Defense counsel's office or Defendant's residence. Plaintiff will be solely responsible for the cost and fee associated with retention of this Computer Professional.

5.    Prior to receiving any of Defendant's hard drives, the Computer Professional shall be provided with a copy of this Order and shall execute and be bound by this Order by signing the agreement attached hereto as Exhibit A, an original of which shall be maintained by Plaintiff's counsel.

6. In order to obtain the requested information, Defendant will provide a list of all hard drives in her residence (including brand name, model, and each hard drive's electronic storage capacity) and the Computer Professional will produce a forensically sound image of each hard drive using industry-standard software and procedures.

7. After completion of the imaging described herein, the Computer Professional may send the Defendant's hard drive images to Plaintiff's forensic expert, Patrick Paige of Computer Forensics, LLC at 1880 North Congress Ave. Ste 333, Boynton Beach, FL 33426. The Computer Professional shall not send Defendant's hard drive images to any other person unless agreed to between the parties or required by Court Order. Further, in light of the Court's June 22, 2017 allowing Defendant to litigate anonymously, the Computer Professional shall not be allowed to disclose to Plaintiff or any other person any identifying information regarding Defendant or his family members, including but not limited to their names, address and telephone numbers, which he may have discovered while completing the imaging described herein, unless agreed to by the parties or required by Court Order.

8. Prior to receiving any of Defendant's hard drives, Mr. Paige shall be provided with a copy of this Order and shall execute and be bound by this Order by

4

signing the agreement attached hereto as Exhibit A, an original of which shall be maintained by Plaintiff's counsel.

9.   Mr. Paige is permitted to search the imaged hard drives for evidence of: (1) Plaintiff's copyrighted works; (2) BitTorrent and Peer-to-Peer file sharing use; and (3) sophisticated wiping efforts, spoliation, and the suppression of evidence. Mr. Paige is only permitted to search Defendant's imaged hard drives for these three categories, as specified in paragraphs 9(a) – (c) below.

  a. <u>Plaintiff's Works</u>: Plaintiff's forensic expert is permitted to search for: (1) the title, and any variation thereof, of Plaintiff's works; (2) the term "X-Art" or any variation thereof; and (3) the term "Malibu Media" or any variation thereof.

  b. <u>BitTorrent or Peer-to-Peer File Sharing Use</u>: Plaintiff's forensic expert is permitted to search for: (1) the term "torrent"; and (2) the presence or prior existence of a BitTorrent Client or Peer-to-Peer file sharing software (i.e., torrent clients, torrent trackers, torrent bookmarks, torrent files, torrent file fragments, torrent related web history, and evidence of other peer-to-peer software).

  c. <u>Spoliation and Suppression of Evidence</u>: Plaintiff's forensic expert is permitted to search for evidence of: (1) sophisticated wiping efforts such as the reformatting or wiping of a hard drive; (2) deletions; (3)

significant alterations; and (4) the suppression of evidence. This involves the examination of or search for: (1) information about how and when the image was created; (2) the timeline of hard drive usage; (3) the operating system installation information; (4) devices that have been plugged into the hard drive; (5) anti-computer forensic software (software specifically designed to wipe or delete user activity on a hard drive) including but not limited to BCWipe, CCleaner, Data Shredder, Evidence Eliminator, Window Washer, and any other wiping software programs installed or used on the hard drive; and (6) the contents within the unallocated space and recycling bin of the hard drive; and modifications on the hard drive registry.

Mr. Paige is not permitted to review or search for any data or information related to Defendant's current or prior employments, Defendant's personal or family photographs, or any other personal and/or confidential files of Defendant or his family members.

10. If Mr. Paige's examination reveals relevant information or data matching the above search criteria which contains potentially relevant privileged or confidential information, Mr. Paige will, without revealing the privileged or confidential contents to Plaintiff, inform Plaintiff and Defendant of discovery of the potentially privileged or confidential information. Defendant will then

determine whether Defendant wishes to assert a claim of privilege or prevent disclosure of any confidential information. Plaintiff reserves the right to move the Court for an *in camera* inspection of any information whose privileged status it disputes. Neither Mr. Paige's nor any other person's review of privileged information, nor any inadvertent disclosure thereof, will constitute a waiver of any privilege by Defendant.

11. Subject to the limitation set forth in paragraph 10, if Mr. Paige's search reveals relevant information or data matching the above search criteria listed in paragraph 9 and sub-paragraphs (a-c) thereto, he shall be allowed to disclose the relevant information or data, the stored location of the information or data, and/or the allocation format of the data to Plaintiff's counsel and Plaintiff's management employees directly involved in this litigation, provided such management employees have signed the agreement attached hereto as Exhibit A. Any such information or data disclosed to Plaintiff shall be simultaneously disclosed to Defendant. If reproduction of the information or data is not possible, Mr. Paige will produce a printout of the matching files and/or data. Determination as to the form, foundation, and admissibility of the printout information will be made by the Court prior to trial. Plaintiff will then produce its expert report consistent with Fed. R. Civ. P. 26(a)(2) by this Court's scheduling order deadline. In light of the Court's June 22, 2017 allowing Defendant to litigate anonymously,

Mr. Paige shall not be allowed to disclose to Plaintiff or any other person any identifying information regarding Defendant or his family members, including but not limited to their names, address and telephone numbers, which he may have discovered while searching the imaged hard drives, unless agreed to by the parties or required by Court Order.

12.  Mr. Paige's initial analysis of Defendant's imaged hard drives shall be limited as set forth in this Order, in addition to an analysis of the location of files discovered. No further analysis shall be performed without prior written agreement of the parties or Court Order.

13.  All data and information obtained from Defendant's hard drives shall be used solely for this litigation and for no other purpose,

14.  The data and information obtained from Defendant's hard drives shall not be shown or disclosed to anyone other than the Qualified persons defined above in Paragraph 3, and only if such persons have signed the agreement hereto as Exhibit A (with the exception of Defendant and the parties' respective counsel), and only as permitted by this Order.

15.  Upon the final conclusion of this litigation, each person subject to the terms hereof shall be under an obligation to immediately destroy any and all originals and copies of documents and things containing data and information obtained from Defendant's hard drives, and to provide Defendant with written

confirmation of such destruction within ten (10) days from the final conclusion of this litigation.

By:   /s/ *Patrick J. Cerillo*
Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter Foran Blvd., Suite 402
Flemington, NJ 08822
T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
*Attorneys for Plaintiff*

By:   /s/ *Michael J. Forino*
Michael Joseph Forino
Archer & Greiner, P.C.
Court Plaza South, West Wing
21 Main Street, Suite 353
Hackensack, NJ 07601-7095
201-342-6000
Fax: 201-342-6611
Email: mforino@archerlaw.com
*Attorneys for Defendant*

SO ORDERED this ___ day of _____, 2017.

By: _____
**UNITED STATES DISTRICT JUDGE**

213456125v1